ELFELT and others *v.* STEINHART and others.

*(Circuit Court, D. California. August 2, 1880.)*

1. PATENTS FOR INVENTIONS—WEARING APPAREL—POCKETS.

Patent No. 178,287, for an improvement in pantaloons and garments of a similar character, its application to the garment adding to its durability by preventing the stretch of the cloth or stitching, sustained; and patent No. 178,428, for an improvement in pockets of wearing apparel, *held* to be a patent for a combination.

2. SAME—STITCHED PARALLEL LINES—ELEMENTS OF COMBINATION.

Where stitched parallel lines are an element in the combination patented, and a pocket opening is made without this element, there is no infringement, although there might have been something patentable in the combination by omitting that one element.

*Wheaton & Scrivener,* for complainants.

*Estee & Boalt,* for defendants.

SAWYER, C. J. This is an action for the infringement of two United States patents. The first is patent No. 178,287, for improvement in pantaloons, dated June 6, 1876. As to that patent I find the plaintiff entitled to the decree he asks for, establishing his right to it. And, as there was infringement, if he desires it I will make an order of reference to take testimony as to the profits, etc., though I understand that the parties on being notified ceased to use this patent, and I do not know whether or not there is any object in making such a reference. With respect to the other patent, No. 178,428, I had more dificulty. There was a great deal of testimony taken in this case, which I have examined very carefully, and I have come to the conclusion which I indicated to counsel the other day when I called

their attention to the difficult point. Both these patents relate to the manufacture of pantaloons, overalls, and garments of like character and description, and this one relates particularly to pockets in overalls, etc. The patentee says:

" My invention consists in making a pocket for and in wearing apparel, the opening of which pocket is without corners, curved upward to the perpendicular at both sides thereof, and stiched longitudinally in the direction of the strain to which said pocket is subjected in common use. The objects of this invention are to avoid the transverse strain upon the stiching which should support a pocket; to dispense with cross-tacks, corner patches, gussets, and metallic fastenings as pocket supporters; and to secure strength and durability in pockets by a neat, simple, and cheap device."

He goes on to describe the mode of making two kinds of pockets, one of which has been called the patch-pocket, and the other the inside or hanging pocket. After describing the mode of manufacturing the patch-pocket, he proceeds to describe the manner of making the other pocket, and winds up by saying: "A perpendicular line or lines of stitching are made downward to *n*, figure 1." After giving the description he states the claim, or rather the two claims, of the patent. The first is:

" In combination with pantaloons, or other articles of wearing apparel, a pocket, the sides of whose opening are curved upward to the perpendicular, and stitched to the pocket and garment in parallel perpendicular lines extending above and below the mouth of the pocket opening, whereby the strain to which both the pocket opening and pocket are subjected, in common use, is resisted by vertical stitching, substantially as herein described."

One of the elements, and apparently in the opinion of the inventor an important element, in that combination is the stitching of the pocket "in parallel perpendicular lines extending above and below the mouth of the pocket opening." The difficulty is in understanding what particular lines are referred to in that portion of the claim, because those lines are an element of the combination, and it is a combination patent. So that a garment not having that element of the combination would not be an infringement. The second claim is as follows:

" In combination with a pocket, the sides of which curve to the perpendicular, a line or lines of stitching coinciding and parallel with said sides of the pocket pattern, and intersecting the upper extremity of the curve of the pocket rim, substantially as and for the purposes herein specified."

The patentee himself, and the experts who have testified on that side, insist that that claim applies only to the patch-pocket, and the

parallel lines of stitching are then shown in figure 1, pocket *a*, and it is not seriously claimed that there is any infringement of that claim. It is insisted, however, that the perpendicular parallel lines mentioned in the first claim are the lines stitched around the circular form and rim of the pocket. But there is a difficulty in so construing that language and still make it conform with the claim in the patent. It must be construed as the patent was obtained, when the claim was drawn and adopted, and not with reference to subsequent modes of manufacture in that particular; and it would be necessary to strain the construction in order to adopt that view. I am unable to see that those lines correspond with the description. The pocket opening is of a circular form, curving up to the perpendicular, and those lines follow around the edge of the rim to the opening, and are not perpendicular in any part, while the claim calls for "parallel perpendicular lines extending above and below the pocket opening."

In this patent there are seven different figures, some showing the modes of making the pocket, and others showing the pocket completed, with all the side stitching. There are six completed pockets shown here, and every one of them has parallel perpendicular lines, which correspond to the lines mentioned in the close of the description of the mode of making the inside hanging pocket shown in figure 1, letter *b*. These lines are perpendicular, extending above and below the mouth of the pocket opening, and they stitch the pocket to the garment, and are stiched longitudinally in the direction of the strain to which the pocket is subjected. They fully and accurately fill the description of the parallel perpendicular lines in the first claim in the patent. These lines are found on each side of all the pockets that are completed. The line is perpendicular, and extends above and below the mouth of the pocket opening, a double line of stitching affording resistance to the strain in a vertical direction with the line of stitching. That line seems to have been ignored by the experts for some reason, but those lines are found in all the finished pockets, and, in my judgment, are the lines referred to in this claim. They follow the description exactly, and perform the office indicated, and the other lines do not, and cannot, without a strained construction, be brought within the description. There is only a single point where they touch the perpendicular, and they do not extend above and below the mouth of the pocket opening.

I think those experts are also mistaken as to the second claim. I believe the same parallel lines are referred to in both claims. The Pena patent pocket is the pocket claimed to be an infringement, but

in that those parallel lines are dispensed with, and the stitching follows around on a circle, and goes entirely around the ellipsis like Gibbons', without the perpendicular lines extending above and below the pocket opening, and the strain is distributed by the curve. I am aware that the form here described in Pena's patent is elliptical, and intended to resist a transverse strain by distributing it around the circle, but Gibbons does not claim a crescent-shaped pocket as new, nor in any way, except as one element in his combination. But there is another element—the stitching in parallel perpendicular lines above and below the pocket opening, resisting the strain in the line of the stitching; and that element is wanting in the garment shown here in the Pena patent.

This subject has required considerable study. There was a great deal of testimony, which occupied nearly a week to read through, but I have carefully examined it, and have come to the conclusion that there has been no infringement of any claim in the patent. If there has been any infringement at all it was in the use of the Pena patent, and under the first claim. It may be that there might have been something patentable by omitting that one element in the combination, but if that is dispensed with there is no infringement under the claim of the patent as made.

Let a decree be entered for the complainant on the first patent, and for the defendant on the second patent, No. 178,428, and as the complainant succeeds as to one patent, and is defeated as to the other, I suppose it will be fair that neither party shall recover costs.

*Mr. Wheaton.* Upon the question of infringement of the first patent, does your honor find that there was any anticipation?

*The Court.* I do not think there was any anticipation of that patent. The pocket claimed most confidently as an anticipation is the one made under the Adams patent, but the garment put in evidence was not made in accordance with the Adams patent at all, and I am not satisfied that it was made before the invention of Gibbons was brought to the defendant's attention. I am not satisfied that the extra stitching was put on before the discovery of Gibbons. I put the decision simply upon the ground that there is no infringement, according to my construction, of the first claim of Gibbons' second patent. He has put one element in the claim which was not found in the Pena patent; that is, the parallel perpendicular lines of stitching, extending above and below the mouth of the pocket opening, resisting the strain in the direction of the line of stitching.