Thomas CLARK; Nancy Clark, Plaintiffs–Appellants,

v.

Edgar SIMS, Jr.; Jeanette I. Sims, General Partners of KDCA Partnership, a Maryland General Partnership; Maryland Hospitality, Incorporated, Defendants–Appellees,

and

Andrew M. Sims, a/k/a Best Western Maryland Inn, Defendant.

Thomas CLARK; Nancy Clark, Plaintiffs–Appellees,

v.

MARYLAND HOSPITALITY, INCORPORATED, Defendant–Appellant,

and

Edgar Sims, Jr.; Jeanette I. Sims, General Partners of KDCA Partnership, a Maryland General Partnership; Andrew M. Sims, a/k/a Best Western Maryland Inn, Defendants.

Nos. 92–2398, 93–2424.

United States Court of Appeals, Fourth Circuit.

Argued April 12, 1994.

Decided July 5, 1994.

---

**ARGUED:** Roger E. Warin, Steptoe & Johnson, Washington, DC, for Appellants. Michael Patrick Broderick, Donovan, O'Connell & Broderick, Silver Spring, MD, for Appellee. **ON BRIEF:** Charles F. Monk, Jr., John M. Shoreman, Steptoe & Johnson, Washington, D.C.; Joseph M. Sellers, John P. Relman, Washington Lawyers' Committee for Civ. Rights Under Law, Washington, DC, for appellants.

Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

Vacated and remanded by published opinion. Judge WILKINSON wrote the opinion, in which Senior Judge BUTZNER and Senior Judge GODBOLD joined.

## OPINION

WILKINSON, Circuit Judge:

The question in this case is whether the district court properly calculated the plaintiffs' recovery of attorney's fees based on a settlement offer that was not formally memorialized or served upon the plaintiffs. Because the offer was insufficient to constitute an offer of judgment under Fed.R.Civ.P. 68, the district court erred in setting the fee award on the basis of attorney hours expended prior to the date the offer was made. Accordingly, we vacate the district court's order and remand the case for reconsideration of the appropriate fee award.

process, we cannot find on this record that Grigg has demonstrated a constitutional violation or

that an undeserved award of benefits would be the appropriate remedy if he did.

### I.

On July 5, 1988, appellants Thomas and Nancy Clark were denied lodging at the Best Western Maryland Inn, a motel in College Park, Maryland operated by Maryland Hospitality, Inc. At that time, the desk clerk told the Clarks, an African–American couple who live within six miles of the motel, that the motel did not rent rooms to local residents. Later in July, the Clarks filed a complaint with the Prince George's County Human Relations Commission ("HRC"), alleging that they had been discriminated against on the basis of their race. The HRC responded by sending two testers—one white and one black—to the motel. Only the black tester, Dwight Boatman, was denied lodging because of the no-locals policy, and he subsequently filed his own complaint with the HRC. In December 1988, the HRC issued determinations in both of the pending cases that there was evidence to support racial discrimination charges, and thus invited the parties to join in attempting conciliation.

Mr. Boatman and Maryland Hospitality were successful in reaching such a conciliation. On July 24, 1989, Boatman and the motel management company entered into a formal written agreement requiring Maryland Hospitality to make a $500 donation to a church and to temporarily suspend its no-locals policy. The conciliation was approved by the HRC on the same day.

On March 22, 1989, Maryland Hospitality presented a similar settlement to the Clarks, offering to donate $3000 to a charity of the Clarks' choosing. The Clarks declined the offer, and requested that Maryland Hospitality consider a more substantial payment. Seven months later, on October 20, 1989, HRC Executive Director William Welch sent a letter to the Clarks' counsel explaining that their complaint with the HRC was being dismissed because of their refusal to accept Maryland Hospitality's good faith offer. In the October 20 letter, Welch stated that Maryland Hospitality had offered to pay the Clarks $3000 and to suspend its no-locals policy.

On May 24, 1989, while the HRC proceeding was still pending, the Clarks filed suit in federal district court.[1] They claimed that the motel denied them lodging because of their race, in violation of both 42 U.S.C. § 2000a *et seq.* (denial of right to equal enjoyment of facilities) (Title II) and 42 U.S.C. § 1981 (denial of right to make and enforce contracts). Appellants sought both money damages and declaratory and injunctive relief.

A jury trial commenced on October 29, 1990. At the conclusion of the plaintiffs' case, the court granted defendants' motion for a directed verdict on plaintiffs' claim for punitive damages. The court submitted the § 1981 claim to the jury, and reserved the decision on injunctive relief under the Title II claim for itself. On November 2, the jury delivered a verdict finding that Maryland Hospitality had discriminatorily denied plaintiffs the right to make and enforce contracts. The jury awarded the Clarks one dollar in nominal damages. It further decided that the individual defendants were not liable to the Clarks. On March 15, 1991, the court denied the Clarks' request for injunctive relief under Title II on the ground that plaintiffs had not proved that the policy was discriminatory, but only that it had been administered on this particular occasion in a discriminatory fashion. The district court also denied Maryland Hospitality's motion for a judgment notwithstanding the verdict on the § 1981 count, and this court affirmed that judgment on appeal, 972 F.2d 338.

Counsel for the Clarks subsequently filed a motion for recovery of attorney's fees under 42 U.S.C. § 1988, seeking approximately $120,000. In its order of September 30, 1992, the district court found that the Clarks were "prevailing parties" and thus entitled to recovery of fees. However, the court limited the fee award to attorney hours expended prior to October 20, 1989. The court chose the October 20 date as a proxy for the actual date defendants submitted their settlement proposal to the Clarks, explaining that the

---

1. Appellants' original complaint named Edgar, Jeanette, and Andrew Sims, d/b/a Best Western Maryland Inn, as defendants. On April 24, 1990, the district court granted the Clarks' motion to add Maryland Hospitality as a defendant.

exact date of that offer was unknown but that the offer must have been made prior to William Welch's October 20 letter. The court found that the Clarks had rejected a settlement offer that "exceeded the results obtained at trial" and thus were not permitted to recover costs incurred after the date of the Welch letter. As a result, the attorney's fee award was reduced to $4875.

The Clarks now appeal, claiming that the court inappropriately reduced their attorney's fees based on an offer of settlement that failed to meet the requirements of Fed. R.Civ.P. 68. Maryland Hospitality cross-appeals, claiming that the district court erred in granting any award of attorney's fees to the Clarks.

## II.

We consider first appellants' argument that the district court improperly limited their recovery of attorney's fees on the basis of a settlement offer which could not qualify as a Rule 68 offer of judgment. Fed.R.Civ.P. 68 allows a defendant to serve upon the adverse party a formal offer of judgment for a specific amount or to a specific effect. The offeree is free to accept or reject the offer. If the offeree rejects the offer, and later obtains a judgment at trial which is less favorable than the terms of the rejected offer, the rule provides that the offeree must pay any costs accrued after the offer was made.[2] The cost-shifting provision of Rule 68 is especially significant where, as here, a statute provides that attorney's fees may be awarded as part of the costs to a prevailing party. *See* 42 U.S.C. § 1988. The Supreme Court has held that when Congress defines costs to include attorney's fees, those fees incurred after a rejected settlement offer may not be recovered by a plaintiff whose final judgment was less favorable than that

offer. *See Marek v. Chesny,* 473 U.S. 1, 10, 105 S.Ct. 3012, 3017, 87 L.Ed.2d 1 (1985).

### A.

Maryland Hospitality maintains that our Rule 68 inquiry can be ended at its inception because the district court did not rely on Rule 68 in limiting appellants' fee recovery. Appellee argues that the district court actually applied an overall equitable analysis which considered a range of factors in reducing the Clarks' claim for fees. We find this difficult to believe. Given the court's statement that it was "[e]liminating all hours after the October 20, 1989 settlement offer," it is clear that the court relied primarily on the date of the settlement offer in limiting the fee award. It would simply be too much of a coincidence that an "overall equitable analysis" would result in an award of fees precisely equivalent to those accrued prior to the settlement offer date chosen by the court. Because Rule 68 is the source of authority for limiting fees for plaintiffs who reject favorable settlement offers, the district court necessarily relied on that rule in determining the amount of fees awardable to the Clarks.

### B.

The Clarks contend that the district court erred in applying Rule 68 because the offer in question was not sufficiently formal to constitute an "offer of judgment" under Rule 68.

We agree. The district court recognized that defendants made "no formal offer of judgment under Rule 68" to the plaintiffs. Nonetheless, the court relied on that offer, concluding that "the terms of the offer as reflected in the October 20, 1989 correspondence are clear and definite." The October

---

2. The rule states, in pertinent part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the

offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. . . .

Fed.R.Civ.P. 68.

20 letter, however, was both imprecise and inaccurate. It stated to the Clarks that Maryland Hospitality "offered you $3,000.00 and to suspend the [no-] locals policy." The letter failed to reflect the fact that the $3000 was to go to a charity, rather than to the Clarks themselves. Additionally, the letter did not state the terms upon which the no-locals policy would be suspended. Thus it is not clear whether such a suspension would be temporary or permanent, or even whether it would be terminable at the company's discretion.

The court's reliance on the letter put plaintiffs at risk for failing to accept an offer despite being unaware of the offer's actual terms. To avoid this problem, an offer must satisfy several requirements to constitute an "offer of judgment" under Rule 68. First, Rule 68 offers of judgment must be in writing. This is so because an offer of judgment must be served upon every party to the litigation, and service is to be made by delivering a copy to a party's attorney. See Fed. R.Civ.P. 5(a) & (b). Obviously, an oral offer cannot be so delivered. "Thus, although Rule 68 does not specify that an offer of judgment be in writing, the requirement that the offer be served upon the plaintiff makes no sense unless it means that the offer must be written." Grosvenor v. Brienen, 801 F.2d 944, 948 (7th Cir.1986). Here, there is no evidence that appellee's offer was ever reduced to writing. Rather, a settlement proposal was "discussed" by the parties' counsel on March 22, 1989. Such discussions cannot constitute a formal "offer of judgment" under Rule 68.

Similarly, a Rule 68 offer of judgment must be made after the legal action has been commenced. Offers of compromise made before suit is filed do not fall within the rule. See Cox v. Brookshire Grocery Co., 919 F.2d 354, 358 (5th Cir.1990); 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 3003 (1973). Here, the Clarks first filed their action in federal court in May 1989. Despite the district court's reliance on October 20, 1989, as the date of the settlement offer, Maryland Hospitality actually presented the offer to appellants seven months earlier, in March 1989. In fact, counsel for the Clarks sent a letter to appellee's counsel rejecting the offer in April 1989. As a result, it is impossible to conclude that the settlement offer was presented after commencement of the action. Thus, the offer may not "relieve defendant from the payment of the costs of the action." Wright & Miller, supra at § 3003.

■ Because the district court limited appellants' recovery of attorney's fees based on a settlement offer which failed to meet the requirements of Rule 68, its decision must be vacated and this case remanded so that the court may reconsider the amount properly awardable. In reaching its decision, the court must be guided by the principle that mere settlement negotiations may not be given the effect of a formal offer of judgment. See Ortiz v. Regan, 980 F.2d 138, 141 (2d Cir.1992). As such, Maryland Hospitality's proposal may not serve as a basis for limiting plaintiffs' fees under the provisions of Rule 68.

### III.

On its cross-appeal, Maryland Hospitality contends that the district court abused its discretion by awarding any attorney's fees to the Clarks under 42 U.S.C. § 1988. The company argues that, under the Supreme Court's holding in Farrar v. Hobby, —— U.S. ——, 113 S.Ct. .566, 121 L.Ed.2d 494 (1992), the appropriate fee award for a plaintiff who recovers only nominal damages is no fee at all.

■ Maryland Hospitality is certainly correct in pointing to Farrar as the controlling case in the present inquiry. First, Farrar indicates that the district court was correct in concluding that the Clarks should be afforded prevailing party status. The Farrar Court clearly stated that "a plaintiff who wins nominal damages is a prevailing party under § 1988." Id., 113 S.Ct. at 573. Second, Farrar provides a guide for the district court in calculating the appropriate fee award on remand. Unlike the Clarks' prevailing party status, which is not jeopardized by their recovery of only nominal damages, the appropriate size of their fee award is directly affected by the limited nature of

their judgment. "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Id.*, 113 S.Ct. at 574 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). Because the Clarks obtained only nominal damages, the district court on remand is not required to engage in a full scale fee analysis to determine the amount of fees to be awarded. *See id.*, —— U.S. at —————, 113 S.Ct. at 574–75. However, the degree of success represented by a nominal recovery is not something an appellate court can always assess, and the district court on remand may award attorney's fees that it finds commensurate with the level of success achieved by the Clarks at trial.

In calculating the appropriate fee award, the court must also be guided by our recent holding in *S–1 & S–2 v. State Board of Educ.*, 21 F.3d 49 (4th Cir.1994) (en banc). In *S–1 & S–2*, we held that a court may not apply "catalyst theory" in determining what results are attributable to litigation. Thus, only those changes in a defendant's conduct which are mandated by a judgment, consent decree, or settlement in the case at bar may be considered by the court in determining the plaintiff's success at trial. The district court in this case therefore may not consider Maryland Hospitality's suspension of its no-locals policy to be a result of the Clarks' action. The decision to suspend that policy, whether made independently or as part of a settlement with Mr. Boatman, was not the result of any judgment, consent decree, or settlement in this case. Moreover, where the relief sought is actually denied, there is even less occasion to permit a change in conduct to serve as the basis for a fee award under§ 1988. Here, the district court rejected the Clarks' claim for injunctive relief as to the motel's no-locals policy, noting that "the evidence at trial clearly demonstrated that the Defendants did not institute the 'no locals' policy to discriminate on the basis of race."

### IV.

The district court is in the best position to make the determination with respect to any fee award. We remand the case to that court for further proceedings consistent with this opinion.

*VACATED AND REMANDED.*