UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HEATHER SUE MERCER,
                    *Plaintiff-Appellee,*

v.

DUKE UNIVERSITY,
                    *Defendant-Appellant,*

and

FRED GOLDSMITH,
                    *Defendant.*

No. 01-1512

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CA-97-959-1)

Argued: October 29, 2001

Decided: November 15, 2002

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

---

Vacated in part and remanded by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Stephen M. McNabb, FULBRIGHT & JAWORSKI,
L.L.P., Washington, D.C., for Appellant. Burton Craige, PATTER-
SON, HARKAVY & LAWRENCE, L.L.P., Raleigh, North Carolina,
for Appellee. **ON BRIEF:** John M. Simpson, Michelle Ciszak Pardo,

FULBRIGHT & JAWORSKI, L.L.P., Washington, D.C., for Appellant. Melinda Lawrence, PATTERSON, HARKAVY & LAWRENCE, L.L.P., Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Duke University attracted a great deal of media attention in 1995 when it announced that Heather Sue Mercer, a female, was a member of Duke's Division I-A men's football team. Mercer, however, did not play in any games during that season, and Head Coach Fred Goldsmith officially cut Mercer from the team before the 1996 season. Mercer sued, contending that Duke discriminated against her because of her sex, in violation of Title IX. *See* 20 U.S.C.A. § 1681(a) (West 2000) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial . . . ."). The jury awarded Mercer one dollar in compensatory damages and two million dollars in punitive damages. Duke appeals, challenging the award of punitive damages and attorney's fees and costs. We vacate the award of punitive damages, and we vacate the award of attorney's fees and costs and remand for reconsideration of that issue.

### I.

Duke's primary argument on appeal is that punitive damages are not available in private actions brought to enforce Title IX. After we heard oral argument in this case, the Supreme Court agreed to review the Eighth Circuit's decision in *Gorman v. Easley*, 257 F.3d 738 (8th Cir. 2001), a case addressing the availability of punitive damages under section 202 of the Americans with Disabilities Act, *see* 42

U.S.C.A. § 12132 (West 1995), and section 504 of the Rehabilitation Act, *see* 29 U.S.C.A. § 794 (West 1999 & Supp. 2002). We placed this case in abeyance to await the Supreme Court's decision. That decision has now been issued, *see Barnes v. Gorman*, 122 S. Ct. 2097 (2002), and the parties have submitted supplemental briefs addressing the effect of the Supreme Court's decision.

In *Barnes*, the Supreme Court held that punitive damages may not be awarded in private actions brought to enforce section 202 of the ADA or section 504 of the Rehabilitation Act. The Court reached this decision by first determining that punitive damages are not available for private actions brought under Title VI of the Civil Rights Act of 1964. *See id.* at 2102-03. Because the remedies for violations of section 202 and section 504 are coextensive with those of Title VI, the court held that punitive damages are likewise unavailable in private actions brought under those provisions of the ADA and the Rehabilitation Act. *See id.* at 2100, 2103.

It is well established that Title IX, upon which Mercer's claim is based, is also modeled after Title VI and is interpreted and applied in the same manner as Title VI. *See id.* at 2100 ("[T]he Court has interpreted Title IX consistently with Title . . . ."); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998). Thus, the Supreme Court's conclusion in *Barnes* that punitive damages are not available under Title VI compels the conclusion that punitive damages are not available for private actions brought to enforce Title IX. We therefore vacate the award of punitive damages.

Mercer, however, argues that *Barnes* changed the law as to the availability of punitive damages and that she is entitled to a new trial on compensatory damages. Mercer contends that we cannot be certain that the jury was not affected by the erroneous submission to it of the punitive damages question, particularly since "juror determinations of compensatory and punitive damages are often inextricably intertwined." Supplemental Brief of Appellee at 4. Mercer also contends that the district court "intermingled" the jury instructions on punitive and compensatory damages, "giving the impression that it was an integrated decision," Supplemental Brief of Appellee at 6, and that the compensatory damages instructions were complex and confusing. According to Mercer, these errors in combination make it impossible

to determine whether the jury was tainted by the erroneous submission of the punitive damages question, and she is therefore entitled to a new trial on compensatory damages.

The problem with these arguments, however, is that Mercer failed to raise them by way of a cross-appeal. While an appellee may defend a judgment on any ground, including theories not relied upon or even rejected by the district court, any effort to modify the judgment must be made by way of a cross-appeal. *See El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999) ("Absent a cross-appeal, an appellee may urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court, but may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary." (internal quotation marks omitted)); *Altizer v. Deeds*, 191 F.3d 540, 542 n.3 (4th Cir. 1999); *cf. Northwest Airlines, Inc. v. County of Kent, Mich.*, 510 U.S. 355, 364 (1994) ("A prevailing party need not cross-petition to defend a judgment on any ground properly raised below, so long as that party seeks to preserve, and not to change, the judgment."). Although the circuit courts are split on this question, the cross-appeal requirement in this circuit has been viewed as one of practice, and not as a strict jurisdictional requirement. *See Tug Raven v. Trexler*, 419 F.2d 536, 548 (4th Cir. 1969). *But see, e.g.*, *Rollins v. Metropolitan Life Ins. Co.*, 912 F.2d 911, 917 (7th Cir. 1990) (concluding that the cross-appeal requirement is jurisdictional); *see also El Paso*, 526 U.S. at 480 (noting but not resolving the circuit split while observing that "not a single one of our holdings has ever recognized an exception to the [cross-appeal] rule").[1] Nevertheless, Mercer has identified no facts that would warrant retreat from the cross-appeal requirement in this case. Mercer's complaints about the confusing jury instructions in this case fall rather flat, given that Mercer did not object at trial to the district court's damage instructions, did not move for a new trial based on any perceived deficiencies in the instructions, and chose not to appeal the jury's one dollar compen-

---

[1]We note that the Supreme Court has recently granted *certiorari* to consider whether the time for filing a cross-appeal set forth in Rule 4(a)(5) of the Federal Rules of Appellate Procedure is mandatory and jurisdictional. *See Zapata Indus. v. W.R. Grace & Co.-Conn.*, 70 U.S.L.W. 3758 (U.S. Oct. 1, 2002) (No. 01-1766).

satory award. Moreover, Duke raised the question of the availability of punitive damages under Title IX at every stage of these proceedings, thus putting Mercer on notice of the need to file a cross-appeal if she believed that there was an error affecting the jury's compensatory damage award, and the Supreme Court's decision in *Barnes* did not inject into the case an issue that had not previously been raised by the parties. We therefore conclude that an exception to the cross-appeal requirement is not warranted in this case and that Mercer's failure to file a cross-appeal prevents her from now seeking a new trial on compensatory damages.

## II.

Because the punitive damage award must be vacated, Mercer is left with only the jury's award of one dollar in compensatory damages. Duke contends that this nominal-damage award is insufficient to support an award of attorney's fees and that this court should therefore vacate the fee award in its entirety. We disagree.

It is of course true that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (citation omitted); *accord Johnson v. City of Aiken*, 278 F.3d 333, 338-39 (4th Cir. 2002). But we have never interpreted *Farrar* as automatically precluding attorney's fee awards in all nominal-damage cases. *See, e.g.*, *Clark v. Sims*, 28 F.3d 420, 425 (4th Cir. 1994) (remanding fee award in nominal-damage case for reconsideration in light of plaintiff's limited success). Mercer's claim against Duke was the first of its kind, and the jury's conclusion that Duke violated Title IX may serve as guidance for other schools facing similar issues. Under these circumstances, we believe that the question of whether an award of attorney's fees remains appropriate should be addressed by the district court in the first instance. *See Farrar*, 506 U.S. at 121-22 (1992) (O'Connor, J., concurring) (explaining that the success of a plaintiff who recovers only nominal damages "might be considered material if it also accomplished some public goal other than occupying the time and energy of counsel, court, and client"); *see also Clark*, 28 F.3d at 425 ("[T]he degree of success represented by a nominal recovery is not something an appellate court can always assess. . . ."). Accord-

ingly, we hereby vacate the award of attorney's fees and costs and remand to the district court for reconsideration, in light of Mercer's now limited success at trial, of the amount of attorney's fees, if any, that should be awarded, and for determination of an appropriate award of costs.[2]

*VACATED IN PART AND REMANDED*

---

[2]Duke does not challenge Mercer's entitlement to an award of costs, but instead argues only that the amount of the cost award should be reconsidered on remand. *See* Supplemental Brief of Appellant at 5.