TYMKOVICH, Chief Judge, dissenting.
The majority concludes that named defendants must submit to a district court's jurisdiction before utilizing Rule 68. But reading a prerequisite-jurisdictional or otherwise-into Rule 68 draws it into conflict with other Rules that detail what a "party" may, may not, must, and must not do. Rule 68's text does not compel this result. More importantly, the court's interpretation hinders, rather than secures, "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. I agree with the majority that a bright line test is desirable for purposes of Rule 68. But I think the Rules draw that line elsewhere: A named yet unserved defendant can make an offer of judgment under Rule 68.
* * *
Rule 68 provides that up until two weeks before trial "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a). If the opposing party accepts the offer, either party *657 can notify the court, and "[t]he clerk must then enter judgment." Id. If, however, the opposing party does not accept the offer, he will be made to pay all costs incurred thereafter "[i]f the judgment that [he] finally obtains is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d). This simple rule encourages parties to avoid wasting time and money on litigation and instead cut straight to the substantive outcome.
Indeed, we now know that had Felders accepted Trooper Bairett's offer eight years ago, she would have received $5,000 more in damages and avoided roughly $500,000 in legal fees and costs. In short, this case is the poster-child for Rule 68. The only question here is whether Trooper Bairett qualified as a "party defending against a claim" between the filing of the complaint on December 26, 2008 and his waiver of service on May 8, 2009.
I think he did qualify for several reasons. First, Felders had undoubtedly brought her claim to court and thereby "commenced" an action, Fed. R. Civ. P. 3, to which the Federal Rules applied, see Fed. R. Civ. P. 1 ; cf., e.g. , Clark v. Sims , 28 F.3d 420, 424 (4th Cir. 1994) (noting that "a Rule 68 offer of judgment must be made after the legal action has been commenced. Offers of compromise made before suit is filed do not fall within the rule."). Second, Felders's complaint identified Trooper Bairett as a "party" against whom she sought relief. See Fed. R. Civ. P. 10(a). Third, nowhere in the text or in precedent do I see jurisdiction, service, or appearance as prerequisites to becoming a "party" within the meaning of the Rules. Fourth and finally, it seems plain to me that the Rules' stated objective of facilitating "just, speedy, and inexpensive" litigation counsels in favor of encouraging mutual assent to an entry of judgment as early as possible. Fed. R. Civ. P. 1. I would thus apply Rule 68 to all offers of judgment made after the filing of a complaint so long as they otherwise comply with the Rules.
I also see complications arising from the court's interpretation. The majority says one must submit to the district court's jurisdiction to become a "party" and take advantage of Rule 68. If that is true, then "party" must mean something different in Rule 68 than it means in Rule 12. Packing a somewhat greater punch, Rule 12 allows "a party [to] assert" a defense to personal jurisdiction "by motion." Fed. R. Civ. P. 12(b)(2). For that rule to have any value, there must be some group of "parties" that the court does not yet have jurisdiction over. The motion could never be granted otherwise. The court's reading thus creates needless inconsistency and friction at least between Rules 12 and 68. Moreover, it makes very little sense that a "party" could win dismissal under Rule 12 without submitting to jurisdiction but must definitively waive that defense before making a Rule 68 offer that its opponent might not even accept.
To be clear, I agree that a court lacks authority over anyone not brought within its jurisdiction. That is what jurisdiction means. And it necessarily follows that a court cannot foist "procedural imposition[s] on a named defendant" the plaintiff has yet to serve. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc. , 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ; see also id. at 347, 119 S.Ct. 1322 ("We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." (emphasis added) ); Bristol v. Fibreboard Corp. , 789 F.2d 846, 847 (10th Cir. 1986) ("The fact that [some defendants] were not considered in the order or judgment does *658 not prevent the decision of the district court from being final. These unserved defendants were never made parties to this lawsuit."); cf. Murphy Bros. , 526 U.S. at 350, 119 S.Ct. 1322 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." (emphasis added) ). Indeed, many plaintiffs use this feature of the Rules as a weapon. By strategically delaying service on certain parties, a claimant can use the threat of procedural obligations to encourage settlement or pressure other defendants.
But Rule 68 does not oblige unserved defendants to do anything. On the contrary, it merely allows a "party defending against a claim" to propose an amicable resolution to that claim. To the extent that the Rule imposes any procedural obligation at all, it merely encourages claimants -who have submitted to the court's jurisdiction already-to accept an early victory rather than proceed through trial and waste everyone's time. Of course, if the offer is accepted, then the offeror must submit to the court's jurisdiction to complete the entry of judgment. That is an implied term of the offer of judgment. But I see no reason why the waiver of a jurisdictional defense should become a prerequisite rather than a contingent term of the offer.
Similar inconsistencies arise even if one reads Rule 68 to require less than the court here holds.
Consider mere service or waiver of process, rather than submission to jurisdiction. Service has long been necessary-though not sufficient-to establish personal jurisdiction. See, e.g. , Trujillo v. Williams , 465 F.3d 1210, 1217 (10th Cir. 2006) (identifying statutory authorization and satisfaction of due process as additional requirements to establishing personal jurisdiction). It thus seems plausible that even if the term "party" does not imply jurisdiction, it might imply service of process. But this interpretation also conflicts with Rule 12. Under that provision, a "party" can move for dismissal based on "insufficient service of process." Fed. R. Civ. P. 12(b)(5). If service means anything in this context it must mean sufficient, valid service according to the Rules. Anything less would defeat the whole point of a service prerequisite. But if a "party" can use the Rules to contest the sufficiency of service, the Rules must apply whether or not that "party" has, in fact, been served.
Moreover, other Rules explicitly mention service when it has some bearing on their application. For instance, a defendant must file his answer "within 21 days after [being] served with the summons and complaint." Rule 12(a)(1)(A)(i). He may demand a jury trial so long as he does so "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). And most analogous to this case, a party can only make a discovery request under Rule 34 "[m]ore than 21 days after the summons and complaint are served." Fed. R. Civ. P. 26(d)(2)(A). Surely if these rules can tie their operation to service explicitly, Rule 68 could have done so as well. And yet, it does not.
Neither do these inconsistencies dissolve if we read a mere appearance requirement into the Rule. If a named defendant does not become a party until he appears, how could the "failure to join a party under Rule 19" compel dismissal if "party" status implies an appearance? Fed. R. Civ. P. 12(b)(7) (emphasis added). And why does Rule 41 allow voluntary dismissal upon "a stipulation signed by all parties who have appeared " if one must appear to be a *659 party? Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added).
As the above illustrates, the term "party" utterly pervades the Federal Rules of Civil Procedure.[1] Many of these Rules provide means by which a "party" may "defend against a claim." And if Rule 68's use of that term need not comport with the other Rules, we create the possibility of incoherence among them. That possibility impairs the clarity, consistency, and predictability of procedure that the Federal Rules might otherwise provide.
The court's identification of a bright line for Rule 68's operation redeems today's ruling to some extent. Yet allowing defendants to offer judgment under Rule 68 from the moment of filing accomplishes the same result without the complications. Indeed, it reads Rule 68 at face value without imputing meaning that cannot transfer to other Rules. I would thus hold a named defendant has the power to offer judgment under Rule 68 from the moment the complaint is filed.
I respectfully dissent.

No less than seventy-three Rules use the term "party" in either the singular or plural form. See Fed. R. Civ. P. 1, 4, 5, 5.1, 5.2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 23.2, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 44, 44.1, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 65, 65.1, 67, 68, 69, 70, 71, 71.1, 72, 73, 77, 81, 83. Many of these Rules use that term in multiple different sections and subsections. See, e.g. , Fed. R. Civ. P. 5(a)(1), 5(a)(2), 5(b)(1), (5)(b)(2), 5(b)(3), 5(c)(1), 5(c)(2). And I am not even counting use of the terms "nonparty," Fed. R. Civ. P. 4(i)(1)(C), or "third-party," Fed. R. Civ. P. 7(a)(5).