## FEDERAL DEPOSIT INS. CORPORATION v. FRUIT GROWERS SERVICE CO. et al.

### No. 120.

District Court, E. D. Washington, N. D.

Oct. 21, 1941.

132

Thomas A. E. Lally, of Spokane, Wash., for plaintiff.

Sam R. Sumner, of Wenatchee, Wash., for defendants.

SCHWELLENBACH, District Judge.

Defendants moved to re-tax costs by eliminating therefrom certain witness fees and the cost of taking the deposition of R. D. McCornack. While the amounts involved are not large, the implications involved in the motion are such as would justify a statement of the facts.

This is an action on a promissory note. The answer admitted the execution of the note but put in issue the allegations of several paragraphs in the Complaint. The answer set forth affirmatively a claim of set-off in which a rather complicated business transaction between the parties was pleaded. The affirmative allegations of the answer were very largely denied in a reply. The case was set for trial for September 23, 1941, and on August 13, 1941, the Court, acting under authority of Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, ordered a pre-trial hearing to be held on August 22, 1941. Prior thereto and on March 17, 1941, the deposition of one R. D. McCornack was taken at Seattle, Washington, in which City the witness lived and which City is more than one hundred miles from the place of trial. While this deposition was taken as a result of the stipulation, plaintiff could have taken it under Rule 26 (d) (3) of the Federal Rules of Civil Procedure: At the time of the transaction involved in this action, the witness McCornack was the vice president of the Bank to the rights of which the plaintiff succeeded.

The pre-trial hearing resulted in the limitation of the issues at the trial to one point, the nature of which was such that the testimony was limited by the pre-trial order to three expert witnesses on each side. The trial resulted in a judgment in favor of the plaintiff for the balance due on its note after deducting the amount of the offset claimed by the defendants. No offer or tender was made by the defendants until the day of trial and just prior to the time plaintiff commenced introducing testimony.

It seems to me clear that plaintiff is entitled to fees, to cost of the deposition and the witness fee of the witness in Seattle. At the time the deposition was taken, there was no indication either that a pre-trial hearing would be held or that it would result in the limitation of the testimony as it did. I did not order the pre-trial hearing until August 13, 1941, and it was not held until August 26, 1941. Counsel in a case cannot be compelled to anticipate the success of a pre-trial hearing and risk his client's interests by waiting until after the pre-trial hearing before securing testimony by deposition. I am firm in the conviction that the dates of the pre-trial hearings in cases should be dependent upon the circumstances in each particular case. Having in mind the necessity for the post pre-trial preparation, that date should be as close to the date of trial as is practicable. It is true in this case, most of McCornack's testimony became unnecessary as a result of the pre-trial. That

fact, however, could not be foreseen by plaintiff's counsel at the time deposition was taken. Therefore, plaintiff is entitled to recover for the cost of the deposition.

■ Plaintiff taxes costs for fees of the witness Long who appeared in Court but was not called to the stand. Plaintiff's counsel explains that his testimony was to be upon the question of the bank records. Since such testimony would be outside of the scope of permissible testimony as provided in the pre-trial order, there was no necessity for calling him and his fee cannot be allowed.

■ The witnesses Sparks, Landin and Gahringer testified upon the one disputed issue as provided in the pre-trial order. Defendants contend that since I decided against the plaintiff upon that particular issue, that their witness fees should not be allowed. I cannot agree with this contention for the following reasons:

1. The Federal Rules of Civil Procedure provide, (54, (d): "Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * * ".

Defendants cite two cases: Adams v. Howard, C.C., 19 F. 317; Elfelt v. Steinhart, C.C., 11 F. 896.

In each of these cases there were two patents involved and in each of the cases each of the parties won as to one patent apiece. Under its power to divide the costs, as between the parties, the Courts in each of these cases allowed no costs to either party. That is an entirely different proposition than the situation involved in an action at law such as we have here.

2. It seems to me that if the Court is going to start deciding what witness fees will or will not be allowed according to whether the Court accepts the testimony of such witnesses, the Court would soon find itself spending as much time passing upon the taxation of costs as it does in reaching a conclusion in reference to the case itself.

3. I am fearful that the refusal to allow witness fees of these three particular witnesses might tend to cause counsel in other cases to hesitate in agreeing to a limitation of issues at the pre-trial hearings, such as occurred in this case. The desirability of the simplification of issues by pre-trial procedure is generally recognized. I don't want to endanger it by injecting the question of costs.

■ Furthermore, defendants here might have avoided the payment of these witness fees had they taken advantage of Rule 68 in the Federal Rules of Civil Procedure and made an offer of judgment at some date prior to ten days before the trial date. It seems to me that rule was written expressly to meet a situation such as existed in this particular case. Defendants' tender at the time of trial could not take the place of the offer of judgment as provided in Rule 68.

The cost will be re-taxed by striking therefrom the fees of the witness Long.