## LARSON et al. v. GENERAL MOTORS CORPORATION.

District Court, S. D. New York.

July 2, 1943.

See, also, D.C., 2 F.R.D. 294.

Murray M. Cowen, of New York City, for plaintiffs.

Drury W. Cooper and Drury W. Cooper, Jr., both of New York City, for defendant.

CONGER, District Judge.

This matter concerns the proper order and judgment to be entered on the mandate of the Circuit Court in the within action. The mandate of the Circuit Court decreed "that the judgment, dismissing the first cause of action and granting relief under the counterclaim is modified by striking the declaration as to the validity of the patent; and is otherwise affirmed. The judgment dismissing the second cause of action is reversed."

Defendant has presented for signature a proposed order and judgment on mandate which follows almost literally the above language of the mandate. The plaintiffs on the other hand have presented an order and judgment which not only follows the specific direction in the mandate but also seeks to carry out the directions in the Court's decision.

■ I have come to the conclusion that plaintiff is correct. The Circuit Court in its decision stated [134 F.2d 450, 454]: "For these reasons we conclude that the judge should have refused to make any declaration as to the validity of the patent, and that that part of the judgment on the counterclaim together with the supporting findings should be deleted." The mandate makes no specific direction as to the findings but I think this Court in entering judgment should follow both the mandate and the decision. The direction in the mandate that "such further proceeding be had in said cause, in accordance with the decision of this Court," has the effect of making the opinion part of the mandate. Metropolitan Water Co. v. Kaw Valley Drainage Dist., 223 U.S. 519, 32 S.Ct. 246, 56 L.Ed. 533; Gulf Refining Co. v. United States, 269 U. S. 125, 46 S.Ct. 52, 70 L.Ed. 195.

I am unable to sign plaintiff's proposed order and judgment because it deletes findings which refer not only to validity of

the patent but to other issues. A new order and judgment should be prepared and submitted. I suggest the following. After the formal parts there should follow:

Ordered, adjudged and decreed that the mandate of the U.S. Circuit Court of Appeals for the Second Circuit be and it hereby is made the order of this Court.

Ordered, adjudged and decreed that the findings of fact made herein of Hon. Edward A. Conger, dated August 8, 1941, after the trial of plaintiffs' first cause of action and the defendants' counterclaim and numbered 10–29 inclusive and number 31, be and the same are hereby stricken and deleted. That paragraphs 8, 9 and 32, insofar as they may be deemed to refer to the issue of validity of plaintiffs' patent, shall have no force and effect.

Ordered, adjudged and decreed that the conclusions of law herein made by Hon. Edward A. Conger, dated August 8, 1941, after the trial of plaintiffs' first cause of action and defendant's counterclaim and numbered 2, is hereby stricken and deleted. That conclusions of law numbered 4 and 6, insofar as they may be deemed to refer to the issue of the validity of plaintiffs' patent, shall have no force and effect.

Ordered, adjudged and decreed that paragraph 1 of the judgment of this court approved by Hon. Edward A. Conger and entered August 8, 1941, is modified to read as follows:

■ 1. That defendant has not infringed upon the patent in suit No. 1,983,-983.

That paragraph 3 of the judgment, insofar as it may be deemed to refer to the issue of the validity of plaintiffs' patent, shall have no force and effect and that paragraphs 2, 4, 5 and 6 of said judgment be and they are hereby affirmed.

Ordered, adjudged and decreed that the judgment of this court which was entered on December 30, 1941, and which granted defendant's motion for summary judgment dismissing plaintiffs' second cause of action herein, be and it is hereby set aside and rendered null and void and of no further force and effect.

Ordered, adjudged and decreed that plaintiffs shall recover of and from the defendant General Motors Corporation the sum of $134.25 as the costs on the said appeals as taxed in the said mandate of the said Court of Appeals and shall have execution for the same.

Ordered, adjudged and decreed that this action be and the same is hereby severed and that the second cause of action stated in the complaint be and it is hereby reinstated and restored to the jury calendar for trial.

Plaintiffs' proposed judgment deleted conclusions of law numbered 5 and 6 of the judgment entered on August 8, 1941. Those paragraphs provide for costs to the defendant. In his judgment plaintiffs provide in addition for costs after trial to the plaintiff. Plaintiff bases his contention upon Rule 68 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. I do not agree with plaintiff in this respect. Assuming that which the plaintiff states in his affidavit about the offer of judgment to be entirely correct, still plaintiffs do not come within the provisions of the rule. Nabors v. Texas Co., D.C., 32 F.Supp. 91; Federal Deposit Insurance Corp. v. Fruit Growers Service Co., D.C., 2 F.R.D. 131.