## MAGUIRE v. FEDERAL CROP INSUR-ANCE CORPORATION.

### Civ. A. No. 2265.

United States District Court
W. D. Louisiana, Shreveport Division.

Aug. 23, 1949.

Bullock & Bullock and Mason P. Gilfoil, of Shreveport, La., for plaintiff.

Malcolm E. Lafargue, U. S. Atty., and William J. Fleniken, Asst. U. S. Atty., of Shreveport, La., for defendant.

PORTERIE District Judge.

This is an action on a policy of cotton crop insurance, issued March 25, 1946, by

defendant to the plaintiff, under the Federal Crop Insurance Act of February 16, 1938 as amended, 7 U.S.C. § 1501 et seq., 7 U.S.C.A. § 1501 et seq.

In her complaint plaintiff alleges harvesting only 3,236 pounds of lint cotton, with a consequent loss to her in 1946 of 20,119 pounds in terms of lint cotton less than the established average yield, on 219 acres of land in Red River Parish, Louisiana, due to unavoidable causes, and that said policy of insurance covers this loss.

Defendant answers, inter alia, to the effect that only 191.8 acres, and not the 219 acres alleged by plaintiff, were covered by the policy and that plaintiff sustained a loss in yield of cotton and cotton seed in the amount of only 4,811 pounds in terms of lint cotton.

After trial on the merits, the jury returned the following verdict:

"We the jury find or decide that there should be no increase to the amount originally offered by the Federal Crop Ins. Corp. to the plaintiff."

"* * * [T]he amount originally offered by the Federal Crop Ins. Corp. to the plaintiff" is admittedly 4,811 pounds, in terms of lint cotton, which at the established "cash equivalent price" of 35.25 cents per pound, amounts to $1,695.88. The Court indicated at the trial that a judgment for the plaintiff in that amount would be signed upon presentation.

Except as to the burden of costs, the parties are in agreement as to the provisions of the judgment to be entered in this case. Defendant contends that, since the amount of the indemnity found to be due plaintiff by the jury is the same as the amount offered by the Corporation prior to suit, plaintiff should pay its own costs, citing the Louisiana Code of Practice and cases thereunder. Plaintiff contends that, since defendant failed to make a formal offer of judgment, defendant should be condemned to pay plaintiff's costs.

At the outset, we must tersely state it to be trite that the Louisiana procedural law is inapplicable in the federal courts. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and cases cited therein and decided thereunder.

This is a procedural question governed in this Court by the Federal Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A. Cf. Bowles v. J. J. Schmitt & Co., Inc., 2 Cir., 1948, 170 F.2d 617.

Rule 68 of the Rules of Civil Procedure for the United States District Courts, as amended, provides:

"Rule 68. Offer of Judgment.

"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer."

Since Rule 68 is in plain English, we can easily apply it here to our situation once we have resolved the following question, to wit: Has the defendant made an offer of judgment?

Article 6 of plaintiff's complaint alleges:

"On or about February 6, 1947, plaintiff submitted to defendant on forms provided by defendant a statement in proof of such loss and, notwithstanding that plaintiff had complied with the terms of said contract and the regulations of defendant pertaining to cotton crop insurance, *defendant on or about May 21, 1947, rejected said statement of loss and offered*

*plaintiff indemnity in the amount of only 4811 pounds of lint cotton."* Emphasis ours.

On the basis of the italicized passage, which it admitted in its answer, defendant contends that its offer is admitted in the complaint—a judicial admission—and in substance tantamount to a waiver by the plaintiff of the formal requisites of Rule 68.

Plaintiff admits, of course, that an offer was made, and, necessarily as the admission of its having been made is alleged in the complaint; however, the formality of the offer is denied and the plaintiff contends that the offer must be a formal one. Defendant, on the other hand, urges that formality is a requisite unless waived, such as plaintiff did here by its judicial admission.

In support of its position, plaintiff cites only two (2) cases, as follows: Home Insurance Co. of New York v. Kirkevold, 9 Cir., 1947, 160 F.2d 938, 941; and, Federal Deposit Ins. Corporation v. Fruit Growers Service Co. et al., D.C.1941, 2 F.R.D. 131.

In the Kirkevold case, supra, the reasoning of the court as to why defendant could not prevail under Rule 68 was tersely stated in one paragraph, as follows: "Appellant's [defendant's] brief states that, prior to the trial, it 'served upon appellee [plaintiff] an offer of judgment in said sum [of $1,800], which was not accepted.' *The brief does not state that the offer was served more then 10 days before the trial began. The record does not show that it was served at all.* Appellee was therefore entitled to his costs in the District Court." Emphasis ours.

In the Fruit Growers case, supra, the relevant issue was whether or not an offer of judgment *at the time of trial* was timely. The Court there held no, for the plain reason given by Rule 68 to the effect that the offer of judgment should be made at some date prior to ten days before the trial date.

There is a dearth of jurisprudence interpreting Rule 68. See the first case: Nabors et al. v. Texas Co., D.C.1940, 32 F.Supp. 91, 92, wherein Judge Dawkins, of this District, said: "The court has been unable to find any decision construing this rule * * *." Since that decision, we have found the following opinions citing or referring to Rule 68: Federal Deposit Ins. Corporation v. Fruit Growers Service Co. et al., D.C.1941, 2 F.R.D. 131; Larson et al. v. General Motors Corporation, D.C.1943, 52 F.Supp. 286; Cover v. Chicago Eye Shield Co., 7 Cir., 1943, 136 F.2d 374, certiorari denied 1943, 320 U.S. 749, 64 S.Ct. 53, 88 L.Ed. 445; Truth Seeker Co., Inc., v. Durning, Collector of Customs, 2 Cir., 1945, 147 F.2d 54; Gamlen Chemical Co. v. Dacar Chemical Products Co., D.C.1946, 5 F.R.D. 215; Home Insurance Co. of New York v. Kirkevold, 9 Cir., 1947, 160 F.2d 938; Bowles v. J. J. Schmitt & Co., Inc., 2 Cir., 1948, 170 F.2d 617.

The purpose of Rule 68 is to encourage settlements and avoid protracted litigation. Cf. 5 F.R.D. 483 Note.

It would seem that under that Rule (first sentence) " * * * a party defending against a claim * * *'" could only be a party who has been made a defendant by service of process and citation under Rules 4 and 5; and it is only when a party is a defendant as such and within ten days before trial that an offer of judgment contemplated by Rule 68 may be timely served as provided by Rule 5. Nabors et al. v. Texas Co., D.C.1940, 32 F.Supp. 91; cf. Pre-Trial Clinic, Vol. 4, F.R.D., pages 67-68.

An offer of *compromise* before suit is not an offer of judgment provided for by Rule 68; the allegation of an offer in a complaint and its admission in an answer is not an offer of judgment contemplated by Rule 68; an offer to compromise is an offer *before* commencement of the action under Rule 3; an offer of judgment is an offer *after* the commencement of the action as provided in Rule 3.

Defendant might have escaped costs by filing a formal offer of judgment, with costs then accrued, and serving said offer as provided for by Rules 68 and 5; that to be done after commencement of the action and ten days before trial began, as provided

for by Rules 3 and 68. Cf. Truth Seeker Co., Inc., v. Durning, Collector of Customs, 2 Cir., 1945, 147 F.2d 54.

Judgment casting the defendant for costs will be signed upon presentation.