v.

**PENN–CHARLOTTE ASSOCIATES and Home Realty and Management Company, Inc., Defendants.**

**No. C–C–85–623–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

June 10, 1987.

Fred W. DeVore, III, Devore and Mundorf, Charlotte, N.C., for plaintiff.

R. Lee Myers, Myers, Ray, Myers, Hulse & Brown, Douglas M. Martin, Walker, Palmer & Miller, Charlotte, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Plaintiff's Petition for Payment of Costs, filed March 5, 1987, in the total amount of $18,537.49, and Defendants' Petition for Payment of Costs, filed March 25, 1987, in the total amount of $3,341.50.

A brief was filed by Defendants on May 20, 1987. Plaintiff filed a reply brief on May 28, 1987.

In this case Plaintiff alleged that she was raped by an intruder in her apartment who was able to enter because of the negligence of Defendants in not providing proper security for her apartment. Plaintiff also asked for punitive damages. The trial commenced on January 16, 1987. At the conclusion of all the evidence, the Court dismissed the action as to one of Defendants, Penn-Charlotte Associates ("Penn-Charlotte").

The only issue that the Court submitted to the jury was the issue as to negligence. The jury awarded Plaintiff the sum of Forty Thousand and 00/100 ($40,000.00) Dollars on January 23, 1987.

The Court is advised that on December 31, 1986, Defendants' counsel made a verbal offer to pay $55,000.00 to settle the claim and indicated that additional settlement funds could be obtained if there was any hope of a settlement. This was confirmed by letter dated January 5, 1987 from Defendants' counsel to Plaintiff's counsel.

The questions presented by Plaintiff's petition involve 28 U.S.C. § 1920 and Rules 54(d) and 68 of the Federal Rules of Civil Procedure.

28 U.S.C. § 1920 provides that a judge may tax costs as follows:

(1) Fee of the Clerk and Marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript *necessarily obtained for use in the case;*

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under Section 1923 of this Title;

(6) Compensation of *court appointed* experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under Section 1828 of this Title. (Emphasis added.)

Rule 54(d) provides:

(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs....* (Emphasis added.)

Rule 68 of the Federal Rules of Civil Procedure provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon an adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued.

. . . . .

If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer

. . . . .

Thus, the first question to be decided by the Court is whether there was a Rule 68 offer of judgment made by Defendants.

Under Rule 5(b) of the Fed.R.Civ.P. service by mail is complete upon mailing. The letter from Defendants' counsel to Plaintiff's counsel was dated January 5, 1987, and without evidence to the contrary will be presumed to have been mailed the same day.

Plaintiff cites *Maguire v. Federal Crop Ins. Corp.*, 9 F.R.D. 240, 242 (W.D.La. 1949) *aff'd.* in part and *rev'd.* in part 181 F.2d 320 (CA 5 1950) for the proposition that defendants cannot "escape" paying the plaintiffs' costs when the offer of judgment is not properly formalized, contending that the Supreme Court in *Delta Air Lines v. August,* 450 U.S. 346 (fn. 27), 101 S.Ct. 1146 (fn. 27), 67 L.Ed.2d 287 (1981) cited *Maguire* with complete approval.

The offer of settlement in the case at bar was a formal offer of settlement from Defendants' attorney, when he stated:

... I was at the time and I still am in a position to offer you the sum of $55,-000.00 in settlement of the claim. I advised you that I could possibly obtain additional authority if there was any hope of settlement.

Plaintiff refused this and went to trial and received only $40,000.00, after insisting on payment of at least $750,000.00 as compensatory damages.

It is clear that Defendants' attorney was making a formal and reasonable offer of settlement of at least $55,000.00 with an indication that the offer may be more, if Plaintiff were willing to make a realistic counter-offer. However, Plaintiff was adamant in demanding a completely unrealistic sum of $750,000.00, compensatory damages.

The language of Rule 68 is:

... a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued ...

In *Marek v. Chesney,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) the Supreme Court, on page 6, 105 S.Ct. on page 3015, states:

The critical feature of this part of the rule is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs*

*then accrued.* In other words, the drafter's concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants. (Emphasis in original.)

Defendants' attorney's letter of January 5, 1987, did not constitute an "offer to allow judgment" to be taken against them.

However, Defendants' attorney's letter of January 5, 1987 was clearly a formal offer of settlement served more than ten days before trial. Furthermore, it was an offer manifestly in good faith and certainly had a reasonable relationship to the amount of damages involved.

The language of the Supreme Court in *Delta Air Lines, Inc. v. August*, 450 U.S. 346, at 352, 101 S.Ct. 1146, at 1150, 67 L.Ed.2d 287 (1981) indicates that Rule 68 could be interpreted to include a formal settlement offer. There, the Supreme Court said:

Our interpretation of the Rule is consistent with its purpose. The purpose of Rule 68 is to encourage the *settlement* of litigation. In all litigation, the adverse consequences of potential defeat provide both parties with an incentive to *settle* in advance of trial. Rule 68 provides an additional inducement *to settle* in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain. Because prevailing plaintiffs presumptively will obtain costs under Rule 54(d), Rule 68 imposes a special burden on the plaintiff to whom a *formal settlement offer* is made. If a plaintiff rejects a Rule 68 *settlement offer*, he will lose some of the benefits of victory if his recovery is less than the offer. Because costs are usually assessed against the losing party, liability for costs is a normal incident of defeat. Therefore, a *non-settling* plaintiff does not run the risk of suffering additional burdens that do not ordinarily attend a defeat, and Rule 68 would provide little, if any, additional incentive if it were applied when the plaintiff loses. (Emphasis added.)

However, this Court is not prepared to make the leap from the language of Rule 68 referring to "offer of judgment" and interpret that to include an offer of settlement.

The allowance of costs to the prevailing party ... [under Rule 54(d) ] is not obligatory. Other than when the matter is controlled by a federal statute or rule, the court is vested with a sound discretion by Rule 54(d), which extends to all civil actions and embodies a practice long recognized in equity.

10 *Wright & Miller* at Section 2668.

■ In this case, Defendants made a formal offer which was clearly not a sham offer. Rather, the offer of $55,000.00, or more, was obviously made in good faith in an attempt to dispose of the case on a reasonable basis. In fact, after having heard the evidence in this case, the Court was prepared to look favorably on any motion by Defendants to set aside or reduce any verdict in excess of $50,000.00 which Plaintiff may have received.

Plaintiff, on the other hand, apparently had an inflated, arbitrary and completely unrealistic view as to the value of the case in demanding $750,000.00.

Thus, even though Plaintiff is the prevailing party as to Defendant Home Realty and Management Company, Inc. ("Home"), and even though Defendants may not have strictly complied with Rule 68 in making "an offer of judgment" equity would demand that vexatious plaintiffs be denied costs when a realistic offer is made ten days before trial, and the Court will exercise its equitable discretion under Rule 54(d) to deny recovery by Plaintiff of any costs incurred after January 5, 1987, in view of the arbitrary, capricious and grossly unrealistic demand by Plaintiff for $750,-000.00.

Having determined that question, the Court will now turn to the costs incurred by Plaintiff prior to January 5, 1987.

■ Taking Plaintiff's petition in the order which it is presented, the Court will consider each category and in accordance

with the provisions of 28 U.S.C. § 1920, the Court will allow the following items of costs from those contained in Plaintiff's Petition for Payment of Costs:

## FILING FEES

| | |
|---|---|
| Clerk of Court Filing Fees | $ 60.00 |
| Luther & Assoc. Service Fees | 25.00 |
| | $ 85.00 |

## PRINTING COSTS

The only printing costs which could be deemed "reasonably necessary" are:

| | |
|---|---|
| Mitch Long—copy of aerial photo | 8.00 |
| Mecklenburg Police reprinting of photos | 315.00 |
| Typo Graphics—enlarging mounting aerial photo | 26.13 |
| | $349.13 |

## DEPOSITION COSTS

This request is governed by § 1920(2). "Fees of the Court reporter for all or any part of the stenographic transcript *necessarily obtained for use in the case.*" Plaintiff has indicated that all but three of the deposed witnesses testified at the trial. Whether the witness testified at trial is not the crucial question, however. The question is whether the deposition was "necessarily obtained for use in the case." Plaintiff has failed to offer any explanation of why the deposition of any witness was necessary for use in the case, and in fact has lumped together the cost of depositions of several witnesses (for example, Dees, Bell, Mullis, Travland, and Flateau in one charge of $422.00.) This Court has no intention of wading through its notes and memory, nor will it read all the depositions in an attempt to determine why the depositions of these witnesses were taken and "necessarily obtained for use in the case." The burden is on the petitioning plaintiff, to offer some explanation as to why the costs of the depositions petitioned for should be allowed. This information is within Plaintiff's knowledge, but she has not seen fit to share that information

with the Court. Therefore, all deposition costs are disallowed.

## LAY WITNESS SUBPOENA FEES AND TRAVEL

All of these fees paid or incurred before January 5, 1987, will be allowed, in the amount of $544.90.

## EXPERT WITNESS FEES

Again, Plaintiff has incurred costs for which the Congress has not made any provision for taxing as costs, and all these charges will, therefore, be disallowed. The Court would allow a lay witness fee under the provisions of 28 U.S.C. § 1821, but Plaintiff has not seen fit to inform the Court whether the cost was incurred before or after January 5, 1987.

The Court is constrained to add that after hearing the testimony of Dr. Bopp, his expertise on security did not exceed that of the Court.

## PRIVATE INVESTIGATORS

There is no provision in the statute for taxing these expenses as costs, and the Court will not order them taxed against Defendants.

## MISCELLANEOUS

There is no provision in the statute for taxing these expenses as costs, and the Court will not order them taxed against Defendants.

In summary, the Court will direct the following costs against Defendant Home:

| | |
|---|---|
| Filing Fees | $ 85.00 |
| Printing Costs | 349.13 |
| Lay Witness Subpoena Fees & Travel | 544.90 |
| TOTAL | $979.03 |

Defendant has also petitioned for payment of costs, including depositions and witness fees.

Defendant Penn-Charlotte has made a conclusory statement through its attorney that each deposition was necessary in con-

nection with the defense of Plaintiff's claim, including review of the deposition by counsel, witnesses and use at the time of trial for impeachment.

 The determination of whether a particular deposition or transcription was "necessarily obtained" is a factual one. *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F.Supp. 985, 994 (N.D.Ga.1982). The broad and general statement by counsel is not sufficient for this Court to make a determination as to which depositions were "necessarily obtained," and therefore, the Court will deny Defendant Penn-Charlotte's petition for costs of depositions.

Thus, for the reasons stated for disallowing deposition fees for Plaintiff, the Court will disallow any deposition fees to be awarded to Defendants as part of the costs.

As to Defendants' petition for witness fees, under Rule 54(d) of the Fed.R.Civ.P., costs shall be allowed as of course to the prevailing party unless the Court otherwise directs. Rule 68 could conceivably alter this if an offer is made by a party defending a claim to allow judgment to be taken against him, and if the offeree finally obtained a judgment less favorable than the offer.

However, this Court, in this case, has determined that Defendants' settlement offer was not an offer of judgment under Rule 68, and therefore, Rule 54(d) will control the Court's decision in this case.

 Rule 54(d) refers to the "prevailing party," not to a judgment finally obtained by the offeree which is not more favorable than the offer. Plaintiff in the case at bar is the prevailing party as to Defendant Home. "Prevail" means to be victorious. Plaintiff was victorious as to Defendant Home even though she received a verdict for less than the offer of settlement. Therefore, since the Court has determined that Rule 68 does not apply to an offer of settlement, but that Plaintiff is the prevailing party as to Defendant Home, rather than the reverse, Home is not entitled to recover witness fees.

As to Defendant Penn-Charlotte, even though it is the prevailing party as to Plaintiff, Defendants have not seen fit to distinguish which witness was a witness for which Defendant and the Court will, therefore, deny any witness fees to be taxed as costs against Plaintiff in favor of Defendant Penn-Charlotte.

NOW, THEREFORE, IT IS ORDERED:

(1) Plaintiff's petition for costs is allowed in the amount of $979.03 and the Clerk is directed to tax these costs to Defendant Home.

(2) Plaintiff's petition for costs, other than allowed, is DENIED.

(3) Defendants' petition for costs is DENIED.