**PUBLISH**
**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

SHERIDA FELDERS; ELIJAH
MADYUN, a minor, by and through
LaToya Smedley, his mother;
DELARRYON HANSEND,

     Plaintiffs - Appellees,

v.

BRIAN BAIRETT, a Utah Highway Patrol
Trooper,

     Defendant - Appellant,

and

JEFF MALCOM, an Iron County Deputy
and K-9 Unit Officer,

     Defendant.

No. 16-4173

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:08-CV-00993-CW)**
_____

Joshua D. Davidson, Assistant Utah Solicitor General (Sean D. Reyes, Utah Attorney
General, with him on the briefs), Salt Lake City, Utah, for Defendant-Appellant Bairett.

Robert B. Sykes (Rachel L. Sykes with him on the brief) Sykes McAllister Law Offices,
PLLC, Salt Lake City, Utah, for Plaintiffs-Appellees.
_____

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.
_____

**EBEL**, Circuit Judge.

_____

This is a 42 U.S.C. § 1983 case; the single issue presented involves the costs to be awarded Plaintiffs after they prevailed at trial against Defendant Brian Bairett. Ordinarily prevailing parties can recover litigation costs from their opponent. See Fed. R. Civ. P. 54(d)(1). But Fed. R. Civ. P. 68 allows "a party defending against a claim" to limit his liability for the other side's costs by making a timely pretrial "offer to allow judgment" against him "on specified terms."[1] If the offeree rejects that offer of judgment and ultimately obtains a judgment against the defending party that is less than the rejected offer, then "the offeree must pay the costs incurred after the offer was made."

Here, Defendant Bairett asserts that he effectively invoked Rule 68 to limit his liability for Plaintiffs' costs. But the district court ruled that Bairett's Rule 68 offer of judgment was premature, and thus ineffective, because Bairett made it before he had become a party to this litigation. We agree. Because Rule 68 requires the "party defending against a claim" to make an "offer to allow judgment" against him, and because a court cannot enter judgment against the offeror until he has first been made a party to the litigation, Bairett's offer, filed before Plaintiffs served him with the

_____

[1] Ordinarily costs do not include attorney's fees. See Fed. R. Civ. P. 54(d)(1). However, in a case such as this one, a civil rights action under 42 U.S.C. § 1983, attorney's fees are awarded to "the prevailing party . . . as part of the costs." 42 U.S.C. § 1988(b); see Marek v. Chesny, 473 U.S. 1, 7-11 (1985) (holding "costs" under Fed. R. Civ. P. 68 include attorney's fees awardable under 42 U.S.C. § 1988). Thus, in this case, the dispute over costs involves substantially more than would normally be at issue in a fight over who should bear costs.

2

summons and complaint or obtained his waiver of service, was too early to be effective. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM the district court.

## I. BACKGROUND

Plaintiffs Sherida Felders, Elijah Madyun and Delarryon Hansend initiated this litigation by filing their complaint on December 29, 2008. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). In that complaint, Plaintiffs asserted 42 U.S.C. § 1983 claims alleging, among other things, that Defendant Bairett and other law enforcement officers violated Plaintiffs' Fourth Amendment rights during a traffic stop. In February 2009, before Plaintiffs served Bairett (or any other defendant) with a summons and the complaint, Bairett offered to settle the case by paying the driver, Felders, $20,000 and passengers Madyun and Hansend $2,500 each. Bairett's offer, entitled "Defendant's Rule 68 Offer of Judgment," stated, among other things, that

> [i]n accordance with Rule 68, if Plaintiffs do not accept this offer in writing within ten (10) days after service [of the offer], the offer shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If Plaintiffs subsequently obtain a judgment against these Defendants that is not more favorable than this offer, Plaintiffs must pay the costs and fees that the Defendants incur after making of the offer.

(Aplt. App. 330.) Plaintiffs did not accept Bairett's offer. Two months later, in April 2009, Plaintiffs timely sent Bairett's counsel a request to waive service of the summons and complaint, which Bairett's attorney executed. See

3

Fed. R. Civ. P. 4(d), (m) (addressing waiver of service at plaintiff's written request).

Six years later, a jury found Defendant Bairett liable for unlawfully searching Plaintiffs' car and awarded the driver, Felders, $15,000, and her two passengers, Madyun and Hansend, nominal damages of $1 each. After the jury's verdict, Plaintiffs moved "To Strike and/or Deem Ineffective Bairett's Alleged 'Offer of Judgment.'" (Aplt. App. 286.) The district court granted that motion, ruling that Bairett's February 2009 offer to settle the case did not qualify as a Rule 68 offer to allow judgment against Bairett because he made that settlement offer before he became a party to this litigation. Bairett appeals that decision.[2]

## II. JURISDICTION

As a threshold matter, we conclude we have jurisdiction under 28 U.S.C. § 1291 to consider this appeal from the district court's final decision. "A 'final decision' is ordinarily one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" In re Hayes Family Trust v. State Farm Fire & Cas. Co., 845 F.3d 997, 1003 (10th Cir. 2017) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Here, after the jury returned its verdict, the parties timely filed several post-judgment motions, including Plaintiffs' motion to strike Bairett's Rule 68 offer of judgment. The district court resolved all of those post-

---

[2] We need not address Plaintiffs' arguments that Bairett's offer failed to meet other Rule 68 requirements because we conclude the timing of Bairett's settlement offer prevented it from being a valid Rule 68 offer of judgment.

4

judgment motions in an amended order dated September 1, 2016, including granting Plaintiffs' motion "To Strike and/or Deem Ineffective Bairett's Alleged 'Offer of Judgment.'" That decision ended the litigation on the merits and left nothing for the district court to do but execute the judgment. That was so notwithstanding that Plaintiffs' post-judgment motion regarding the amount of attorney's fees and costs to be awarded to the prevailing parties remained pending. Such a collateral motion did not prevent the district court's September 1, 2016 order from being final and appealable. See Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S. Ct. 773, 777 (2014).

Bairett filed a timely notice of appeal from the district court's September 1, 2016 order. See Fed. R. App. P. 4(a)(1)(A). Plaintiffs point out that the district court clerk had at that time not yet entered a separate judgment under Fed. R. App. P. 58 on the jury's verdict. But "[a] failure to set forth a judgment or order on a separate document when required by Fed. R. Civ. P. 58(a) does not affect the validity of an appeal from" an otherwise final and appealable judgment or order. Fed. R. App. P. 4(a)(7)(B); see also Constien v. United States, 628 F.3d 1207, 1210-12 (10th Cir. 2010). And, in any event, the district court clerk later entered a separate Rule 58 judgment on the jury's verdict so even if the notice of appeal was premature (it was not), that notice of appeal would have ripened when the separate judgment was entered. See Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after entry."); see also Constien, 628 F.3d at 1210.

5

For these reasons, then, we have jurisdiction under 28 U.S.C. § 1291 to consider this appeal and, therefore, we DENY Plaintiffs' motion to dismiss this appeal for lack of jurisdiction.

## III. DISCUSSION

**A. Fed. R. Civ. P. 68 generally**

Turning to the merits of this appeal, we apply the version of Rule 68 in effect at the time Bairett made his settlement offer in February 2009. See Roska v. Sneddon, 366 F. App'x 930, 938 (10th Cir. 2010) (unpublished). That version provided in full:

> **a) Making an Offer; Judgment on an Accepted Offer.** More than 10 days before the trial begins, <u>a party defending against a claim</u> may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> **(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> **(c) Offer After Liability is Determined.** When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time--but at least 10 days--before a hearing to determine the extent of liability.
>
> **(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

6

Fed. R. Civ. P. 68 (as amended Nov. 3, 2008; subsequently revised[3]) (emphasis

added).

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation"

by "prompt[ing] both parties to a suit to evaluate the risks and costs of litigation, and

to balance them against the likelihood of success upon trial on the merits." Marek v.

Chesny, 473 U.S. 1, 5 (1985).

**B. To be effective, a Rule 68 offer of judgment must be made after the plaintiff (1) files the complaint with the court and (2) obtains jurisdiction over the defendant in that litigation by service of the complaint on that defendant or obtaining his waiver of service**

"The proper interpretation of Rule 68 is a legal question which we review de

novo." Knight v. Snap-On Tools Corp., 3 F.3d 1398, 1404 (10th Cir. 1993). The

question presented here is whether a prospective defendant can make an effective

Rule 68 offer of judgment before he has been made a party to the litigation by service

of a summons and the complaint, or by waiver of service.[4] As a starting point, the

---

[3] Rule 68 was later amended, effective December 1, 2009, to require that the offer of judgment be made at least fourteen (rather than ten) days "before the date set for trial" and requiring that the offeree accept the offer within fourteen (rather than ten) days after the offer is served. See Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1243 & n.1 (10th Cir. 2011). That amended rule further provided that, in a bifurcated proceeding, the offeror had to make an offer of judgment fourteen (rather than ten) days before any hearing to determine the extent of the offeror's liability. These later changes are immaterial to our holding here. See id.

[4] Although we talk here about plaintiffs and defendants, we recognize that the language of the rule—referring to "a party defending against a claim," Rule 68(a)—is intended to apply not only to offers of judgment made by a defendant, but also to offers made by any party defending against any claim, including a counter- or cross-claim. See Delta Air Lines, Inc. v. August, 450 U.S. 346, 350 n.5 (1981). But

parties agree, and there is abundant authority providing, that a prospective

defendant's Rule 68 offer of judgment is too early if it is made before the plaintiff

even commences the case by filing the complaint with the court, see Fed. R. Civ. P.

3.  See Clark v. Sims, 28 F.3d 420, 424 (4th Cir. 1994); Cox v. Brookshire Grocery

Co., 919 F.2d 354, 358 (5th Cir. 1990); Maguire v. Fed. Crop Ins. Corp., 9 F.R.D.

240, 242-43 (W.D. La. 1949), aff'd in part and rev'd in part, 181 F.2d 320, 322 (5th

Cir. 1950); see also 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus,

Federal Practice & Procedure, § 3003, p. 111 (2014).  That is certainly the start of the

inquiry, but Rule 68 requires more than that.[5]

Rule 68 also requires that a defendant must be made a party to the ongoing

litigation before he can make a valid offer to allow judgment to be entered against

him.  As a starting point, Rule 68 addresses an offer made by "a party defending

against a claim."  Fed. R. Civ. P. 68(a) (emphasis added).  "[O]ne becomes a party

officially . . . only upon service of a summons or other authority-asserting measure

---

generally a counterclaim or cross-claim will not be asserted until the plaintiff has
filed and served a summons and the initial complaint.

[5] Both sides rely on general language from this line of authority to support their
arguments that an offer, made before the complaint is served on the defendant
making the offer of judgment, is or is not timely.  But these authorities do not address
that question.  Bairett also cites to a law review article stating that, "[i]t must always
be remembered that a defendant can file a rule 68 offer as soon as the complaint is
filed. (The defendant need not even wait for service, which may take up to 120 days.
See Fed. R. Civ. P. 4(j) [currently 90 days, see Fed. R. Civ. P. 4(m)])."  (Aplt. Br. 21
(quoting Roy D. Simon, Jr., The New Meaning of Rule 68: Marek v. Chesny and
Beyond, 14 N.Y.U. Rev. L. & Soc. Change 475, 493 n.96 (1986))).  But that article
does not cite to any authority to support that statement.  The parties, then, do not cite,
and we have not found, any authority addressing the precise question presented here.

8

stating the time within which the party served must appear and defend." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S, 344, 350 (1999) (addressing when the time for a defendant to remove a state action to federal court begins to run); see also Yavuz v. 61 MM, Ltd., 576 F.3d 1166, 1175 (10th Cir. 2009) (stating that defendants who were never served "were never made parties to the district court action," citing Murphy Bros., 526 U.S. at 350); Maguire, 9 F.R.D. at 242-43 (stating, in dicta, that under Rule 68, "'a party defending against a claim . . .' could only be a party who has been made a defendant by service of process"); cf. E.E.O.C. v. Am. Fed'n of State, Cty. & Mun. Emps., No. 94-CV-1022, 1996 WL 663971, at *5 (N.D. N.Y. Nov. 12, 1996) (unreported) (holding settlement offer made before individual intervened could not be a Rule 68 offer of judgment because individual was not yet a party to the litigation).

Bairett asserts that there are several instances where the federal rules of civil procedure refer to a "party" or "parties" even before that person or entity has been served or otherwise brought into the litigation. Most obvious, Bairett points to Fed. R. Civ. P. 10(a), which requires that "a complaint must name all the parties," and Fed. R. Civ. P. 4(a)(1)(A), which requires the summons to be served on a defendant with the complaint also to name "the parties."[6] In light of these rules' use of the term

---

[6] Bairett also cites to Fed. R. Civ. P. 9(a)(1), which provides that a pleading need not allege a "party's capacity to sue or be sued," and Fed. R. Civ. P. 17(a)(3), which provides that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."

9

"party" or "parties," Bairett contends that he was "a party defending against a claim" as soon as Plaintiffs filed with the district court their complaint naming Bairett as a defendant.

But the rules on which Bairett relies, read in context, use the term "party" or "parties" to refer only to individuals or entities who have been designated as parties. Those rules do not impose any legal consequences on those persons or entities who have been designated as a party, but not yet made a party to the litigation by service of the complaint, or waiver of service. None of these references even remotely address Rule 68 or the actual issue before us. So we find those references unpersuasive.

Bairett also ignores the next phrase in Rule 68(a) that immediately follows the word "party" and clearly narrows Bairett's effort to give a generic broad definition of "party." Rule 68 addresses only a "party <u>defending</u> <u>against</u> <u>a</u> <u>claim</u>." Until an entity has been served and is brought into an action formally, he can do nothing in that action—let alone "defend[] against a claim." <u>See</u> <u>Murphy Bros.</u>, 526 U.S. at 350 ("[O]ne becomes a party officially, <u>and is required to take action in that capacity</u>, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." (Emphasis added.)); 4A Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, <u>Federal Practice &</u>

---

In addition, Bairett points to Fed. R. Civ. P. 37(e)'s requirement that "a party" reserve electronically stored information in anticipation of litigation.

Procedure, § 1093, p.676 (2015) (stating defendant is not obliged to answer and defend until service has been made).

Next, we consider that Rule 68 expressly addresses a defendant's "offer to allow judgment" against him "on specified terms." Fed. R. Civ. P. 68(a). If the plaintiff accepts the defendant's "offer to allow judgment" against him, Rule 68 further directs that "either party may then file the offer and notice of acceptance, plus proof of service.[7] The clerk must then enter judgment." Rule 68(a) (footnote added). That judgment will then be "enforceable under the power of the court." 12 Wright, Miller & Marcus, Federal Practice & Procedure, § 3002, p.94. "The critical feature of the Rule is that the offer be one that allows judgment to be taken against the defendant . . . ." Marek, 473 U.S. at 6; see also 12 Wright, Miller & Marcus, Federal Practice & Procedure, § 3002, p.93-94 (noting a Rule 68 offer is not "merely" an offer "to settle the suit; it must be to permit judgment to be entered on specified terms").[8] The fact, then, that Rule 68 requires a defendant to offer to allow judgment to be entered against him, and directs the court clerk, without further procedural steps, to enter judgment against the defendant if the Rule 68 offer is accepted, compels our conclusion that a defendant must be made a party to the litigation, and

---

[7] "Proof of service" in this context refers to proof of service of both the offer to allow judgment and the acceptance of that offer. See Rule 68(a); see also 12 Wright, Miller & Marcus, Federal Practice & Procedure, §§ 3002, 3005.

[8] Had the parties simply settled the case after Plaintiffs had filed their complaint, apart from Rule 68, Plaintiffs could have effectuated their settlement by stipulating to the dismissal of their claims with prejudice. It is only Rule 68 that requires the defending party to offer to allow the court to enter judgment against him.

11

thus be made amenable to the authority of the court to enter judgment against him, before that defendant can ever make a valid Rule 68 offer of judgment.

Bairett's interpretation of Rule 68, on the other hand, to allow a prospective defendant to make a Rule 68 offer of judgment any time after the complaint is filed, would lead to a potentially nonsensical result of requiring the district court to enter judgment against an entity that has never been made a party to the litigation. A court has no power to proceed to judgment against a defendant until that party has been brought under the court's authority after being served with the summons and complaint, or after he waives service at the plaintiff's request. See 4A Wright, Miller & Steinman, Federal Practice & Procedure, § 1093, p.676 (footnotes omitted); see also Murphy Bros., 526 U.S. at 350 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Bairett goes on to argue that, "[b]y serving his Rule 68 Offer of Judgment, [he] clearly and unambiguously indicated his intent to submit to the court's jurisdiction, to waive any and all defenses and objections—including those based on lack of personal jurisdiction or service of process—and to have judgment entered against him." (Aplt. Br. 27.) But simple intentions by a potential defendant have no legal consequences. Instead, something as important as court jurisdiction is based, not on private intentions of an entity, but rather upon concrete objective actions by which it is unambiguously determined that an entity has become a formal defendant in an action and legally subject to the jurisdiction of the court.

12

Our interpretation of the clear language of Rule 68, requiring the defendant to have been made a party to the litigation before he can make a valid Rule 68 offer, provides a straightforward, bright-line rule. Once the defendant has been made a party to the litigation, by service of a summons and the complaint, or by waiver of service, then the defendant can make a valid Rule 68 offer to allow judgment to be entered against him and, if that offer is accepted, the court clerk can enter judgment accordingly. Such a bright-line rule is particularly important for Rule 68 offers that are not accepted because unaccepted offers do not become relevant until the conclusion of the litigation, likely years later, when the court must determine costs to be awarded to the prevailing party. See Rule 68(b) ("Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.").

Bairett offers his own bright-line rule, requiring only that a suit has been filed with the court. That is a bright-line rule, that there is a suit, but it is anything but a bright-line rule as to who has to defend against those claims in court. Listed parties may never be served. There may be John Does. Names may be wrong. There may be jurisdictional defenses. In short, there are any number of reasons why just listing a person as a defendant, without valid service on that person, can have no legal consequences. And if there cannot be legal consequences in court until after service, we fail to see how an unaccepted offer of settlement under Rule 68 can have any legal consequences either, if made by an entity who has not yet become a formal party in the litigation.

13

Bairett points out that several proposed amendments to Rule 68 would have added an express requirement for service of the complaint before an effective offer could be made, and asks why those amendments would have needed to add language addressing service if, as we conclude, there is already a requirement that the defendant be made a party to the litigation through service of the complaint, or waiver of service, before that defendant can make a valid Rule 68 offer. The proposed amendments to Rule 68, however, which were never adopted, would have made many significant revisions to Rule 68, including requiring that the defendant not be allowed to make a Rule 68 offer until a set number of days—sixty or ninety— after service of the complaint, in order to give plaintiffs time to gather information about their claim before deciding whether to accept a Rule 68 offer. It is in that context that the proposed amendments addressed service of the complaint. See, e.g., Proposed Court Rules, 102 F.R.D. 407, 423-24, 432-34 (Sept. 1984). It would be a fool's errand for us to rely on those proposed, but never adopted, amendments to interpret the existing rule. See 12 Wright, Miller & Marcus, Federal Practice & Procedure, § 3007 (noting "the highly questionable practice" of relying on proposed, but unadopted, amendments to Rule 68 to interpret the current rule).

Lastly, Bairett asserts that our interpretation of Rule 68, requiring a defendant to be made a party to the litigation before he can make a valid Rule 68 offer, "severely limits the effectiveness of an offer of judgment as a settlement tool." (Aplt. Br. 13.) Although the purpose of Rule 68 is to promote settlements, see Marek, 473 U.S. at 5, the Rule does so only in the very limited context of restricting

14

a defending party's liability for litigation costs, see Campbell-Eward Co. v. Gomez, 136 S. Ct. 663, 671 (2016).  Rule 68 was not intended to promote a more broad-ranging settlement policy.

Moreover, the fact that Bairett can think of a way to revise Rule 68 to make it a more effective settlement tool is not surprising.  Since Rule 68's adoption in 1938, it has been criticized for many different reasons as a less-than-effective incentive for settlement.  See 12 Wright, Miller & Marcus, Federal Practice & Procedure, §§ 3001, 3007.  For example, the Rule has been criticized because it only applies to offers made by one side of the litigation, the defending party; because the Rule ordinarily involves only a small amount of costs and no attorney's fees; and because the Rule allows for offers of judgment to be made early in the litigation, before the plaintiffs have gathered much information about their claims.  See id.  These criticisms underlie the proposed amendments to which Bairett cites.  But the fact that Bairett can think of better ways to rewrite Rule 68 to promote settlement more effectively does not give us license to apply the rule contrary to its clear terms.  See Nat'l Ass'n of Mfrs. v. Dep't of Def., —S. Ct.—, 2018 WL 491526, at *14-*15 (U.S. Jan. 22, 2018).

Furthermore, the parties are always free to settle a case outside the auspices of Rule 68.  There is nothing about our interpretation of Rule 68 that would chill general settlement negotiations between the parties.  The parties can negotiate a settlement—either before suit is filed or after.  Those negotiations can consider allocating costs and attorney's fees in a given case.  So if the potential liability for costs (and

15

attorney's fees in a § 1983 case) is an important card to be played in settlement negotiations, the parties are perfectly free to address that potential liability and create a settlement addressing that potentiality, outside Rule 68's requirements. See <u>Evans v. Jeff D.</u>, 475 U.S. 717, 730-38 (1986).

Indeed, Rule 68's role seems to be solely in the context of actual litigation— where plaintiff has proceeded through litigation to victory but with an award less than the pretrial Rule 68 offer of judgment. So it would make sense in this context, as we have concluded, that a defendant be made a party to the litigation before he can make a valid Rule 68 offer of judgment. That requirement does not chill settlement negotiations generally.[9]

We conclude, then, that the language of Rule 68 dictates that a defendant must be made a party to the litigation, by service of a summons and the complaint, or waiver of service, before that defendant can make a valid Rule 68 offer to allow judgment against him.

## IV. CONCLUSION

For the foregoing reasons, we DENY Plaintiffs' motion to dismiss this appeal and AFFIRM the district court's decision.

---

[9] Bairett further asserts that our interpretation of Rule 68 will encourage plaintiffs to run up costs during the ninety days after filing the complaint that the plaintiffs have to serve a defendant, see Fed. R. Civ. P. 4(m). But awarding costs (and here potentially attorney's fees) is always subject to the district court's discretion, <u>see Marx v. Gen. Revenue Corp.</u>, 568 U.S. 371, 373 (2013), and a court can exercise its discretion to limit such an award to only costs that are reasonable, <u>see Marek</u>, 473 U.S. at 11.

16-4173, *Felders v. Bairett*
**TYMKOVICH**, Chief Judge, dissenting.

The majority concludes that named defendants must submit to a district court's jurisdiction before utilizing Rule 68.  But reading a prerequisite—jurisdictional or otherwise—into Rule 68 draws it into conflict with other Rules that detail what a "party" may, may not, must, and must not do.  Rule 68's text does not compel this result.  More importantly, the court's interpretation hinders, rather than secures, "the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  I agree with the majority that a bright line test is desirable for purposes of Rule 68.  But I think the Rules draw that line elsewhere: A named yet unserved defendant can make an offer of judgment under Rule 68.

\* \* \*

Rule 68 provides that up until two weeks before trial "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms."  Fed. R. Civ. P. 68(a).  If the opposing party accepts the offer, either party can notify the court, and "[t]he clerk must then enter judgment."  *Id.*  If, however, the opposing party does not accept the offer, he will be made to pay all costs incurred thereafter "[i]f the judgment that [he] finally obtains is not more favorable than the unaccepted offer."  Fed. R. Civ. P. 68(d).  This simple rule encourages parties to avoid wasting time and money on litigation and instead cut straight to the substantive outcome.

Indeed, we now know that had Felders accepted Trooper Bairett's offer eight years ago, she would have received $5,000 more in damages and avoided roughly $500,000 in legal fees and costs. In short, this case is the poster-child for Rule 68. The only question here is whether Trooper Bairett qualified as a "party defending against a claim" between the filing of the complaint on December 26, 2008 and his waiver of service on May 8, 2009.

I think he did qualify for several reasons. First, Felders had undoubtedly brought her claim to court and thereby "commenced" an action, Fed. R. Civ. P. 3, to which the Federal Rules applied, *see* Fed. R. Civ. P. 1; *cf., e.g.*, *Clark v. Sims*, 28 F.3d 420, 424 (4th Cir. 1994) (noting that "a Rule 68 offer of judgment must be made after the legal action has been commenced. Offers of compromise made before suit is filed do not fall within the rule."). Second, Felders's complaint identified Trooper Bairett as a "party" against whom she sought relief. *See* Fed. R. Civ. P. 10(a). Third, nowhere in the text or in precedent do I see jurisdiction, service, or appearance as prerequisites to becoming a "party" within the meaning of the Rules. Fourth and finally, it seems plain to me that the Rules' stated objective of facilitating "just, speedy, and inexpensive" litigation counsels in favor of encouraging mutual assent to an entry of judgment as early as possible. Fed. R. Civ. P. 1. I would thus apply Rule 68 to all offers of judgment made after the filing of a complaint so long as they otherwise comply with the Rules.

2

I also see complications arising from the court's interpretation.  The majority says one must submit to the district court's jurisdiction to become a "party" and take advantage of Rule 68.  If that is true, then "party" must mean something different in Rule 68 than it means in Rule 12.  Packing a somewhat greater punch, Rule 12 allows "a party [to] assert" a defense to personal jurisdiction "by motion."  Fed. R. Civ. P. 12(b)(2).  For that rule to have any value, there must be some group of "parties" that the court does not yet have jurisdiction over.  The motion could never be granted otherwise.  The court's reading thus creates needless inconsistency and friction at least between Rules 12 and 68.  Moreover, it makes very little sense that a "party" could win dismissal under Rule 12 without submitting to jurisdiction but must definitively waive that defense before making a Rule 68 offer that its opponent might not even accept.

To be clear, I agree that a court lacks authority over anyone not brought within its jurisdiction.  That is what jurisdiction means.  And it necessarily follows that a court cannot foist "procedural imposition[s] on a named defendant" the plaintiff has yet to serve.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also id.* at 347 ("We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not *obliged* to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." (emphasis added)); *Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th Cir. 1986) ("The fact that [some

3

defendants] were not considered in the order or judgment does not prevent the decision of the district court from being final. These unserved defendants were never made parties to this lawsuit."); *cf. Murphy Bros.*, 526 U.S. at 350 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily *may not exercise power over* a party the complaint names as defendant." (emphasis added)). Indeed, many plaintiffs use this feature of the Rules as a weapon. By strategically delaying service on certain parties, a claimant can use the threat of procedural obligations to encourage settlement or pressure other defendants.

But Rule 68 does not *oblige* unserved defendants to do anything. On the contrary, it merely *allows* a "party defending against a claim" to propose an amicable resolution to that claim. To the extent that the Rule imposes any procedural obligation at all, it merely encourages *claimants*—who have submitted to the court's jurisdiction already—to accept an early victory rather than proceed through trial and waste everyone's time. Of course, *if* the offer is accepted, *then* the offeror must submit to the court's jurisdiction to complete the entry of judgment. That is an implied term of the offer of judgment. But I see no reason why the waiver of a jurisdictional defense should become a prerequisite rather than a contingent term of the offer.

Similar inconsistencies arise even if one reads Rule 68 to require less than the court here holds.

4

Consider mere service or waiver of process, rather than submission to jurisdiction. Service has long been necessary—though not sufficient—to establish personal jurisdiction. *See, e.g.*, *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (identifying statutory authorization and satisfaction of due process as additional requirements to establishing personal jurisdiction). It thus seems plausible that even if the term "party" does not imply jurisdiction, it might imply service of process. But this interpretation *also* conflicts with Rule 12. Under that provision, a "party" can move for dismissal based on "insufficient service of process." Fed. R. Civ. P. 12(b)(5). If service means anything in this context it must mean sufficient, valid service according to the Rules. Anything less would defeat the whole point of a service prerequisite. But if a "party" can use the Rules to contest the sufficiency of service, the Rules must apply whether or not that "party" has, in fact, been served.

Moreover, other Rules *explicitly* mention service when it has some bearing on their application. For instance, a defendant *must* file his answer "within 21 days after [being] served with the summons and complaint." Rule 12(a)(1)(A)(i). He *may* demand a jury trial so long as he does so "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). And most analogous to this case, a party *can only* make a discovery request under Rule 34 "[m]ore than 21 days after the summons and complaint are served." Fed. R. Civ.

5

P. 26(d)(2)(A).  Surely if these rules can tie their operation to service explicitly,

Rule 68 could have done so as well.  And yet, it does not.

Neither do these inconsistencies dissolve if we read a mere *appearance*

requirement into the Rule.  If a named defendant does not become a party until he

appears, how could the "failure to join a *party* under Rule 19" compel dismissal if

"party" status implies an appearance?  Fed. R. Civ. P. 12(b)(7) (emphasis added).

And why does Rule 41 allow voluntary dismissal upon "a stipulation signed by all

parties *who have appeared*" if one must appear to be a party?  Fed. R. Civ. P.

41(a)(1)(A)(ii) (emphasis added).

As the above illustrates, the term "party" utterly pervades the Federal Rules

of Civil Procedure.[1]  Many of these Rules provide means by which a "party" may

"defend against a claim."  And if Rule 68's use of that term need not comport

with the other Rules, we create the possibility of incoherence among them.  That

possibility impairs the clarity, consistency, and predictability of procedure that

the Federal Rules might otherwise provide.

---

[1]No less than seventy-three Rules use the term "party" in either the singular or plural form.  *See* Fed. R. Civ. P. 1, 4, 5, 5.1, 5.2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 23.2, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 44, 44.1, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 65, 65.1, 67, 68, 69, 70, 71, 71.1, 72, 73, 77, 81, 83.  Many of these Rules use that term in multiple different sections and subsections.  *See, e.g.*, Fed. R. Civ. P. 5(a)(1), 5(a)(2), 5(b)(1), (5)(b)(2), 5(b)(3), 5(c)(1), 5(c)(2).  And I am not even counting use of the terms "nonparty," Fed. R. Civ. P. 4(i)(1)(C), or "third-party," Fed. R. Civ. P. 7(a)(5).

6

The court's identification of a bright line for Rule 68's operation redeems today's ruling to some extent. Yet allowing defendants to offer judgment under Rule 68 from the moment of filing accomplishes the same result without the complications. Indeed, it reads Rule 68 at face value without imputing meaning that cannot transfer to other Rules. I would thus hold a named defendant has the power to offer judgment under Rule 68 from the moment the complaint is filed.

I respectfully dissent.